## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA



**FILED**

MAR 3 0 2020

PATRICK KEANEY
Clerk, U.S. District Court

By_____
          Deputy Clerk

## PRO SE PRISONER CIVIL RIGHTS COMPLAINT

EZEKIEL LENOR DAVIS
_____
*Plaintiff's full name (Please print)*

CIV 20 - 90 - RAW

v.

Scott Crow, Director ODOC; Tommy Sharp,
Warden OSP; Mr. W. Rankins, Deputy
_____
*Defendant(s)' full name (Please print)*
Warden OSP; Christi Quick, Chief of Security;
Captain Quick, Correctional Officer; Lt. Martin (female)
Correctional Officer; Lt. Gardner (male) Correctional
Officer; Sgt. McCoey (male) Correctional Officer; Sgt. Rouse
(male) Correctional Officer; Lt. Dickerson (male)
Correctional Officer; Captain League (male) Correctional
Officer; Mr. Willbanks (male) Correctional Officer
                                    SEE ATTACHED PAGE (2)

**Case No.** _____

*(To be filled out by Clerk's Office only)*

*For additional names please write "see attached" in the space*
*above and attach an additional sheet of paper with the full list*
*of names. **The names listed in the above caption must be***
***identical to those contained in Section IV, pursuant to Fed.***
***R. Civ. P. 10(a).***

---

### NOTICE

*Federal Rule of Civil Procedure 5.2 and Local Civil Rule 5.3 address the privacy and security concerns resulting from public access to electronic court files. Under these rules, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.*

***Each claim you raise must be properly exhausted.*** *If the evidence shows that you did not fully comply with an available prison grievance process prior to filing this lawsuit, the court may dismiss the unexhausted claim(s) or grant judgment against you. See 42 U.S.C. 1997e(a).*

***Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.***

## I.    JURISDICTION

*Indicate below the federal legal basis for your claim, if known.*

☑   42 U.S.C. § 1983 (state, county, or municipal defendants)

☐   Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

## II.   PLAINTIFF INFORMATION

Ezekiel Lienor Davis
*Full name*

N/A
*Aliases*

186754
*Prisoner ID #*

Oklahoma State Penitentiary
*Place of Detention/Incarnation*

P.O. Box 97; Physical Address Unknown At this time
*Institutional Address*

McAlester
*City*

Okla
*State*

74502
*Zip Code*

## III.   PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐   Pretrial detainee
☐   Civilly committed detainee
☐   Immigration detainee
☑   Convicted and sentenced state prisoner
☐   Convicted and sentenced federal prisoner

## Cont. Defendant(s)' Full Name / Caption

13.) Mr. Bain, (Correctional Officer); (Male);

14.) Mr. Higgon, (Male) (Correctional Officer);

15.) Mrs Hayes, Seageant (Female); (Correctional Officer);

16.) Dr. Marla (Male);

17.) Samatha Anderson; (Former Nurse);

18.) Kyte Faught - Moore; (Former Canteen Officer);

19.) Regina Van Blaricom, (Health Service Administrator);

20.) Ms. Shelly, (Nurse);

21.) Ms. Alisa Shunway (Nurse);

22.) Ms. Amanda Warring, (Nurse);

23.) Ms. Margeret Green, (H-Unit, Unit Manager);

24.) Mr. Shipley, (C-Unit, Unit Manager);

25.) Mr. Benefield, (Correctional Officer);

26.) Ms. Sherry Day, (Law Library Officer);

27.) Ms. Evans, (Mailroom Supervisor);

28.) Ms. Pope, (Law Library Officer);

29.) Ms. Nancy Battles, (Law Library Supervisor/Warden Assistant

30.) **Mr.** Smash, (Psychologist - Mental Health);

31.) Ms. Bowling (C-Unit, Case Manager)

32.) Ms. Amber Robinson (H-Unit, Case Manager);

33.) Johnny Blevins, (Director ODOC Internal Affairs);

34.) Mark Knutson, (Director Designee ODOC);

35.) Ms. Channon, H-Unit-Case Manager

36.) Lt. Dixon, Disciplinary Coordinator/Investigator

37.) Lt. M°Call, Correctional Officer.

38.) C.O. Wise

(3A)

## IV.   DEFENDANT(S)' INFORMATION

*List the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained on the first pate. Attach additional sheets of paper as necessary.  Do not write on the backs of any additional sheets.  See Local Civil Rule 5.2(a).*

Defendant 1:   Scott Crow
                  *Full Name*

                  Director Oklahoma Department of Corrections
                  *Current Job Title*

                  3400 N. Martin Luther King Ave.
                  *Current Work Address*

                  Oklahoma City          Oklahoma          73136
                  *City*                 *State*           *Zip Code*


Defendant 2:   Tommy Sharp
                  *Full Name*

                  Warden – Oklahoma State Penitentiary
                  *Current Job Title*
                  Physical Address Unknown
                  Oklahoma State Penitentiary – P.O. Box 97
                  *Current Work Address*

                  McAlester              Oklahoma          74502
                  *City*                 *State*           *Zip Code*


Rev. 07/2019                         (3)                              3

Defendant 3:   M. Rankins
                *Full Name*

Deputy Warden - Oklahoma State Penitentiary
*Current Job Title*
Physical Address Unknown
Oklahoma State Penitentiary — P.O. Box 97
*Current Work Address*

McAlester          Okla          74502
*City*             *State*       *Zip Code*


Defendant 4:   Christi Quick
                *Full Name*

Chief of Security
*Current Job Title*
Physical Address Unknown
Oklahoma State Penitentiary — P.O. Box 97
*Current Work Address*

McAlester          Okla          74502
*City*             *State*       *Zip Code*


Defendant 5:   Mr. Quick
                *Full Name*

Captain — Oklahoma State Penitentiary
*Current Job Title*
Physical Address Unknown
Oklahoma State Penitentiary — P.O. Box 97
*Current Work Address*

McAlester          Okla          74502
*City*             *State*       *Zip Code*

SEE ATTACHED

Rev. 07/2019                    (4)

Cont. Defendants

DEFENDANT 6 : Full NAME: Ms. MARTIN (FEMALE)
Current Job Title: Lieutenant - Correctiona Officer ("C.O.")
Current Work Address: Oklahoma State Penitentiary, P.O.Box97
City: McAlester     State: Okla.     Zip Code: 74502

DEFENDANT 7: Full NAME: Mr. Gardner
Current Job Title: Lieutenant C.O.
Work Address: Okla State Penitentiary, P.O.Box97
City: McAlester     State: Okla.     Zip Code: 74502

DEFENDANT 8: Full NAME: Mr. Mooney
Job Title: Seargeant C.O.
Work Address: Okla. State Penitentiary, P.O.Box97
City: McAlester     State: Okla.     Zip Code: 74502

DEFENDANT 9: Full NAME: Mr. Rouse
Job Title: Seargeant C.O.
Work Address: Okla. State Penitentiary, P.O.Box97
City: McAlester     State: Okla.     Zip Code: 74502

DEFENDANT 10: Full NAME: Mr. Dickerson
Job Title: Lieutenant C.O.
Work Address: Okla. State Penitentiary, P.O.Box97
City: McAlester     State: Okla     Zip code: 74502

DEFENDANT 11: Full NAME: Mr. League
Job Title: Captain C.O.
Work Address: Okla. State Penitentiary, P.O.Box97
City: McAlester     State: Okla     Zip Code: 74502

(5)

Cont. Defendants

Defendant 12: Full Name: Mr. Willbanks

    Job Title: Correctional Officer

    Work Address: Okla State Penitentiary, P.O. Box 97

    City McAlester    State Okla.    Zip Code 74502


Defendant 13: Full Name: Mr. Bain

    Job Title: Correctional Officer

    Work Address Okla. State Penitentiary, P.O. Box 97

    City: McAlester    State: Okla.    Zip Code 74502


Defendant 14: Full Name: Mr. Higgon

    Job Title: Correctional Officer

    Work Address: Okla State Penitentiary, P.O. Box 97

    City McAlester    State Okla.    Zip Code 74502


Defendant 15: Full Name: Mrs. Hayes

    Job Title: Seargant C.O.

    Work Address: Okla. State Penitentiary, P.O. Box 97

    City McAlester    State Okla    Zip Code: 74502


Defendant 16: Full Name: Samatha Anderson

    Job Title: Nurse (Former)

    Work Address: Okla. State Penitentiary, P.O. Box 97

    City McAlester    State Okla.    Zip Code: 74502


Defendant 17: Full Name: Kyle Faught-Moore

    Job Title: Former Canteen Officer

    Work Address: Okla. State Penitentiary, P.O. Box 97

    City McAlester    State Okla.    Zip Code 74502

Cont. Defendants

DEFENDANT 18: Full NAME: Mr. Marla

            Job Title: Doctor

            Work Address: OKLA. State Penitentiary, P.O. Box 97

            City McAlester   State OKLA   Zip Code 74502

DEFENDANT 19:   Full NAME: Regina Van Blaricom

            Job Title: Health Service Administrator

            Work Address: OKLA. State Penitentiary, P.O. Box 97

            City McAlester   State OKLA   Zip Code 74502

DEFENDANT 20: Full NAME: Ms. Shelly

            Job Title: Nurse

            Work Address: OKLA. State Penitentiary, P.O. Box 97

            City: McAlester  State OKLA   Zip Code 74502

DEFENDANT 21: Full NAME: Ms. Alisa Shainway

            Job Title: Nurse

            Work Address: OKLA State Penitentiary, P.O. Box 97

            City McAlester   State OKLA   Zip Code 74502

DEFENDANT 22: Full NAME: Ms. Amanda Warran

            Job Title: Nurse

            Work Address: OKLA State Penitentiary, P.O. Box 97

            City McAlester   State OKLA  Zip Code 74502

DEFENDANT 23: Full NAME: Ms. Margeret Green

            Job Title: H-Unit - Unit Manager

            Work Address: OKLA. State Penitentiary, P.O. Box 97

            City McAlester   State OKLA.   Zip Code 74502

(7)

Cont. Defendants

Defendant 24: Full Name: Mr. Shipley
            Job Title: C-Unit, Unit Manager
            Work Address: Okla. State Penitentiary, P.O. Box 97
            City McAlester  State OKLA  Zip Code 74502


Defendant 25: Full Name: Mr. Benefield
            Job Title: Correctional Officer
            Work Address: Okla. State Penitentiary, P.O. Box 97
            City McAlester  State OKLA  Zip Code 74502


Defendant 26: Full Name: Ms. Sherry Day
            Job Title: Law Library Officer
            Work Address: Okla. State Penitentiary, P.O. Box 97
            City McAlester  State OKLA  Zip Code 74502


Defendant 27: Full Name: Ms. Evan
            Job Title: Mailroom Supervisor
            Work Address: Okla. State Penitentiary, P.O. Box 97
            City McAlester  State OKLA  Zip Code 74502


Defendant 28: Full Name: Ms. Pope
            Job Title: Law Library Officer
            Work Address: Okla. State Penitentiary, P.O. Box 97
            City McAlester  State OKLA  Zip Code 74502


Defendant 29: Full Name: Ms. Nancy Battles
            Job Title: Law Library Supervisor/Warden Assistant
            Work Address: Okla. State Penitentiary, P.O. Box 97
            City McAlester  State OKLA  Zip Code 74502

Cont. Defendants.

Defendant 30: Full Name: Mr. Smash
Job Title: Mental Health
Work Address: Okla State Penitentiary, P.O. Box 97
City McAlester   State Okla.   Zip Code 74502

Defendant 31: Full Name: Ms. Bowling
Job Title: C-Unit, Case Manager
Work Address: Okla State Penitentiary, P.O. Box 97
City McAlester   State Okla.   Zip Code 74502

Defendant 32: Full Name: Ms. Amber Robinson
Job Title: H-Unit, Case Manage
Work Address: Okla State Penitentiary, P.O. Box 97
City McAlester   State: Okla   Zip Code 74502

Defendant 33: Full Name: Mr. Johnny Blevins
Job Title: Director, ODOC Internal Affairs
Work Address: 3400 N. Martin Luther King Ave
City: Okla. City   State Okla.   Zip Code 73136

Defendant 34: Full Name: Mr. Mark Knutson
Job Title: Director Designee
Work Address: 3400 N. Martin Luther King Ave
City: McAlester   State Okla   Zip Code 73136

Defendant 35 Full Name: Ms. Channon
Job Title: Case Manager
Work Address: Okla State Penitentiary, P.O. Box 97
City McAlester   State Okla   Zip Code 74502

## V.   STATEMENT OF CLAIMS

### A.  Claim 1

Date(s) of occurrence:  March 2019 – March 2020

Place(s) of occurrence:  Oklahoma State Penitentiary ("OSP")

*State which of your federal constitutional or federal statutory rights have been violated:*

First, Eighth and Fourteenth Amendment

***Briefly*** *state the FACTS that support your case.  Provide* ***a short and plain statement*** *of how each named defendant was personally involved in the violation of your constitutional rights and why you are entitled to relief from each named defendant.  See Fed. R. Civ. P. 8(a).  Do not cite case law.*

**FACTS:**                SEE: Attached
                          Claim One (1)

### B.  Claim 2

Date(s) of occurrence:  May 2019 – March 2020

Place(s) of occurrence:  Oklahoma State Penitentiary ("OSP")

*State which of your federal constitutional or federal statutory rights have been violated:*

Eighth Amendment

**FACTS:**                SEE: Attached
                          Claim Two (2)

(10)

### C. Claim 3

Date(s) of occurrence: __MARCH 12, 2020__

Place(s) of occurrence: __OKlahoma State Penitentiary (OSP)__

*State which of your federal constitutional or federal statutory rights have been violated:*

__FOURTEENTH AMENDMENT VIOLATION__

**FACTS:** __See Attached; Count Three (3)__

### D. Claim 4

Date(s) of occurrence: _____

Place(s) of occurrence: _____

*State which of your federal constitutional or federal statutory rights have been violated:*

**FACTS:**

(11)

## CLAIM ONE (1)

### THE NAMED DEFENDANTS VIOLATED MY FIRST, EIGHTH AND FOURTEENTH AMENDMENTS

In Nov. 2019, I sent "Sick Call Request" ("SCR") to Medical at the Oklahoma State Penitentiary ("OSP"), in McAlester, Okla., requesting to be tested for Black Mold and Lead Poison.

In March 2019, Ms. Green was than Unit Manager on C-Unit, she placed me into C-2-14 with Sigmund James #551494, And the cell had Black Mold growing on the walls, And the cell stayed moist because it was next to a shower and would rink down the walls. I put in several Request To Staff ("RTS") about the cell having Black Mold, however they would NEVER be responded to by Ms. Green, nor would my Grievances After she had not responded within 30 days,

However, Ms. Channon, Case Manager, would give me packages of Floor cleaner And say thats the best she could do, when I cleaned the walls the Black Mold would reappear and spread.

In September 2019, I was moved to C-2-18 by Ms. Channon And I asked her whether she would answer a RTS About the Black Mold, And she said she would because its not right to make us live in that stuff it can kill you.

However, Ms. Connon NEVER responded to the RTS, And I was unable to file a grievance because the law library claimed to not have a RTS on file that I sent.

My First Amendment was violated because my informal resolution And Request To Staffs bringing this matter to the attention of staff was never process, because here at OSP the Law Library do not come around every day, And I Am told to place my

(2)

REQUEST iN the MAil by giving it A CorrectioNAl Officer, ANd there
is No MAil box rule for "Request to StAffs", per OP-090124 (II).
(D), ANd without A filed stAMped copy I cANNot submit A
grievANce About NoN-RESPoNSES to RTs, per OP-090124 (VI).
(A).(1).(b) ; (IV)(1).(a), (5) ; (VI)(1).(b).(4).(8).

The LAw LibrARy SysteM is "suppose" to be "supervised" by trAiNed
stAff, Not "oN the job trAiNiNg of stAff"; ToMMy ShARp, WARdeN
is directly responsible for the LAw LibrARy SysteM ANd OSP
eMployees thAt ARE workiNg iN the LAw LibrARy beiNg properly
trAiNed, Ms. DAy ANd Ms. Pope REAd eACh "Request to StAff" (RTS)
ANd I AM AllegiNg thAt soMe RTS they log ANd soMe they doN't
log depeNdiNg oN the NAture of the RTS ANd the iNMAte MAkiNg
the request, iN MARch 2019 My RTS were Not logged.
WheN it coMes to My filiNg RTS About the Mold ANd leAd iN the
wAter, OSP high rANkiNg eMployees ARE MAiNtAiNiNg A code of sileNce,
ToMMy ShARp; Mr. RANkiNS; Deputy WARdeN; Christi Quick, Chief of
Security; RegiNA VAN BlARicoM, HeAlth Service AdMiNistrAtor; Dr. MARlA;
Ms. Shelly, (Nurse); Ms. Sherry DAy, LAw LibrARy Officer; Ms. Pope, LAw
LibrARy Officer; Ms. AlisA ShuNwAy, Nurse; Ms. AMANdA WARrAN, Nurse;
SAMAthA ANderSoN, (ForMer Nurse); EAch of these DefeNdANts kNow
About My coMplAiNt About Mold, ANd leAd iN the wAter, EAch hAs
told Me they doN't driNk the wAter At the OklAhoMA StAte
PeNiteNtiARy, I wAs deNied exhAust At the tiMe My coMplAiNt ARose.
These DefeNdANts ARE deliberAtely iNdiffereNt to My heAlth ANd
sAfety.
IN Dec. 2019, Dr. MARlA tAlked with Me After My LAbs test results
returNed, ANd I received A cleAN bill of heAlth, I Asked Dr.
MARlA if I could hAve A blAck Mold test doNe, ANd told hiM
About cell C-2-14 how Mold is growiNg oN the wAlls,
Dr. MARlA sAid, "I will do A blAck Mold test but doN't
go AROuNd telliNg other iNMAtes MedicAl is doiNg blAck

(13)

test." Nurse Shelly came the next week and drew my blood and said it was for a black mold test at the cell door of C-2-18, and the next week took my blood to be test for lead. In Jan. 2020, I submitted a "Sick Call Request" requesting to know the results both mold and lead poison test.

Defendant Regina Van Blaircom, responded stating, "You are schedule to discuss the results with the provider." (Dr. Marla). To date medical refuses to see me, and I've made several SCR, and have been repeated told "Scheduled to be seen." I believe that I was shot up with something, because I submitted SCR - (Sick Call Request) asking to have blood test done because I am losing weight and body mass really fast, and medical refuses to provide me with medical service, and I am alleging that its because the lab will detect whatever I have be poisoned with in my blood and that there is no other way such poison can get in my body except by a needle. I was give a pneumonia shot in Jan 2020.

Defendant Shelly (Nurse) also gave me a pneumonia shot in Jan. 2020, and since I have been losing alot of weight.

I filed grievance concerning medical denial of medical care, in March 2020, I have a Constitutional Right, guaranteed by the Eighth Amendment to have adequate medical care and to request and have blood test done to see whether there are any foreign diseases in my blood, for Dr. Marla and Regina VanBlaircom to refuse me medical service is showing deliberate indifference, and for the Law Library Staff, Ms. Day and Ms. Pope to refuse to file my properly submitted RTS in April, May, June, July, August, September November, December of 2019 impeded me from the grievance process.

(14)

A.) THE NAMED DEFENDANTS - RETALIATED AGAINST ME FOR EXERCISING MY CONSTITUTIONAL RIGHTS - COMPLAINING ABOUT BLACK MOLD IN CELL AND SHOWER AND ABOUT OSP HIGH RANGING PRISON OFFICIALS MISCONDUCT, CORRUPT AND DRUG RINGS, AND RETALIATED WHEN THEY SAW I HAD SUIT PENDING AGAINST OSP EMPLOYEES OR FORMER EMPLOYEE(S).

DEFENDANTS TOMMY Sharp, WARDEN; Mr. W. Rankins, Deputy WARDEN; Ms. Christi Quick, Chief of Security, Capt. Quick; Mr. Shipley C-Unit, Unit Manger (U/m), Ms. M. Green, H-Unit, U/m; Ms. Sherry Day, Law Library Officer; Ms. Pope, Law Library Officer; Ms. Bowling, C-Unit Case Manager, Ms. Channon H-Unit U/m; Ms. Amber Robinson, H-Unit C/m, Mr. Dickerson, Lieutenant; Mr. MiCall, Lieutenant, C.O. Wise; Johnny Blevins, Director ODOC Internal Affairs.

On Feb. 14, 2020, I was placed on SHU after the Eastern District Court issued A Minute Order on Feb. 10, 2020 in DAVIS V. CORE Civic, Inc., et al., CIV-18-396-RAW-SPS, (Doc. No. 112), giving me (14) days to show cause why certain defendants should not be dismissed for failing to be served within 90 days. I was placed on SHU for made up reason(s), And on Feb. 17, 2020 when I gave Ms. Sherry Day, Law Library Officer my Minute Order to verify my deadline so I could attempt to obtain my legal documents, she did not return the Minute Order nor provide time on the research computer until Feb. 24, 2020 the day my deadline was up, when I asked her why she wait until my deadline is up, she said I did not work the Feb. 19-21-2020 and she said that it's only her and Ms. Pope that work in the Law Library. Luckly I had put in for an extension of time.

(15)

On Feb. 14, 2020, My case manager Ms. Bowling came and called me to H-Unit, Unit Manager/Case Manager's Office where she wanted me to sign a "Pending Investigation" and a "Facility Assessment Form"; when I asked whether I would be allowed to have a copy {since the copy machine was directly behind me}, she told me "No! You don't need a copy." I let her know I would like one for my record and she said she would just put refuse to sign and had a nasty attitude.

Ms. Bowling said she would bring me my legal documents on Monday Feb. 17, 2020, however she did not.

On March 2, 2020, Ms. Bowling, Ms. Amber Robinson and Ms. Channon were together and I asked Ms. Bowling why she didn't bring my legal property on Monday Feb. 17, 2020; Ms. Bowling said I can't pick up those boxes their heavey; I asked her why didn't she ask a officer to help her, she said once they found out they were for you – nobody – wanted to help her; I asked her why was that, Ms. Bowling said, "cause your telling on everybody", she said this loudly in front of my cell NW-2-L and other inmate heard her said it, Ms. Bowling, Ms. Robinson, and Ms. Channon walking away laughing; Ms. Bowling dropped my level (4) to level (1).

On March 3, 2020, Lt. Dickerson and Lt. McCall told Ms. Green that I had refused to see Ms. Bowling so I could get my legal property, when I let Ms. Green know that I was asleep and if Lt. Dickerson and Lt. McCall came to my cell they did not make me aware of their presence, Ms. Green said they don't have any reason to lie about it.

I wrote Tommy Sharp, Warden, Mr. Rankins, Mr. McCall and Mr. Dickerson and they never reponded to my request and

(16)

When the (30) days elasped for them to respond, the Law Library Ms. Day and Ms. Pope claimed to not have the RTS on file. I am alleging that due to the malfeasance of the Internal Affairs investigation by Johnny Blevins showing favoritism to Mr. Rankins and allowing him to handle the OSP staff that were involved in a drug ring with Sigmund James #551494 Samatha Anderson and Kyle Faught-Moore, in retaliation against me for writing I.A. and for my law suit (Davis v. CoreCivic, Inc, et al., CN-18-396-RAW-SPS), I was exposed as being the inmate that reported them; and in retaliation for my complaints about mold and lead poison – that if proven to exist would result in OSP being condemn and closed down.

On Feb. 11, 2020, C.O. Wise waited to give me my SHU allowable property including mattress, yelling at me on the run in front of my cell – "Rats don't get nothing". I was placed on SHU at around 6:15 p.m. or thereabout, I did not get any of my SHU allowable property until 12:30 a.m. and never received my property inventory.

My life was placed in danger when OSP employees were allowed to retaliate against me and deny me the same protection as other similarly situated inmates.

I've wrote Johnny Blevins Feb. 13, 2020 and March 5, 2020 and each time was met with OSP high ranking employees adversarial behavior, by D.W. Rankins, Christi Quick, Capt. Quick whom are maintaining a code of silence about the many drug ring at OSP, that's being operated by high ranking OSP employees that allow subordinate staff to bring drugs into the facility and cell phones, and they get kick backs for turning their back.

(17)

In Feb. 2020, once Ms. Sherry Day and Ms. Pope read my RTS - Request To Staffs, they would inform the staff and other staff member what I was filing; Ms. Day would also read my court papers when I gave them to her to make copies, she would return them with a attitude and once I look at my legal documents she would have intentional left out pages, when I asked if I could go through my legal papers while she watched at the door she would say she got other things to do, I asked if she can at least make the copies as one complete document and not one separate page - so I would have to reconstruct each copy. Ms. Day said, "No, thats how you are getting them from now own"; I said, "You use to make complete copies why are you changing," And she just walked away from the cell.

Tommy Sharp, Warden is not providing any oversight over his subordinates, and for this reason OSP subordinate staff can just tell him anything and he believes them.

My placement on SHU on 2-11-20 and staying on SHU for well over (40) days was in retaliation for my exercising my Constitutional Rights and for exposing OSP drug rings operated by high ranking prison officials whom have been repeatedly allowed to impeded Internal Affairs investigations, when Johnny Blevins allows OSP corrupt high ranking employees to handle law violations, policy violators in house as a show of favoritism.

Ms. Hayes, Seageant, on March 16, 2020 retaliated by conspiring with C.O. Benefield and Ms. Day to kick me out of the Law Library cage on NW-2-Pod, when the cage is on the Pod and everyone is talking Ms. Hayes, told Ms. Day that I was yelling and I was removed from the Law Library, and Ms. Day issued me a fabricated misconduct for the RTS I wrote to Tommy Sharp about her 3-11-20.

# CLAIM TWO (2)

## THE NAMED DEFENDANTS VIOLATED MY EIGHTH AMENDMENT

Plaintiff has a documented medical condition, "Lumbar and cervial degenerative disc disease with probable spinal stenosis and radiculopathy", that causes me to be in severe physical pain all day and night; I cannot sit, stand, or lay down for long periods of time without my neck and back being in excruciating pain.

Defendant Dr. Marla, has seen my MRI and has told me that he's not a Radiologist, or a Neurologist; so he don't know what it means as far as what kind of pain that I'm in.

In May, 2019, I asked him if he would send my MRI to a Neurologist since he refuses to send me, and he repeatedly tells me he don't see any need to and ODOC don't have the money for Neurologist service.

When I submit RTS they are NEVER returned, or logged in the law library May - Dec. 2019 concerning Neurologist service, and my grievances WERE NEVER RESPONDED to on this issue.

In Nov. - Dec. 2019, I request to be tested for black mold. Dr. Marla, claim a test would be done but told me to not go around telling other inmates that medical was testing for black mold.

In Dec. 2019 on two (2) separate occassions Nurse Shelly came to C-2-18 and took my blood once was for black Mold test and the other blood taken was for lead test.

In Jan. 2020, I sent SCR to get the results and was told that I would be scheduled to see the provide, by Regina Van Blancom, but to-date I have not been seen to discuss

(19)

results, there are "Sick Call Request" from Jan. 2020 - March 2020 where I have not been seen by Dr. Marla for neck and back pain medication is not helping, blood test to determine whether I have any foreign diseases, and black mold and lead test.

The Defendants Regina Van Blaircom and Dr. Marla are showing me prejudice and are deliberately indifferent to my serious medical needs, and they are maintaining a code of silence concerning the Black Mold infestation at OSP.

Scott Crow, Director ODOC, Tommy Sharp, Warden OSP, Mr. Rankins Deputy Warden; Chriti Quick, Chief of Security; Capt. Quick; Capt. League, Mr. Shipley, C-Unit, Unit Manage; Ms. M. Green H-Unit, Unit Manage, all of these ODOC/OSP prison officials know about the cells and showers on A & C Units having Black Mold and they are maintaining a code of silence.

A.) <u>DEFENDANT VIOLATED PLAINTIFF'S EIGHTH AMENDMENT RIGHTS TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT/ TO BE FREE FROM INMATE ATTACK AND EXCESSIVE FORCE FROM ODOC/OSP PRISON OFFICIAL</u>

Plaintiff asserts that on Feb. 11, 2020, Plaintiff was told by C.O. Willbanks, C.O. Bain, and another unidentified Correctional Officer, that while house in C-2-18 with inmate Sigmund James #551494 & Pod Orderly - Clean up guy - Gang Member, Neighborhood Crip Rollin 20's.

I was told by the above named Correctional Officers, that someone called the facility and said my life was in danger. At which time I let C.O. Willbanks know I've never told anyone my life was in danger, and I would like to speak with a Lieutenant, the C.O. can be seen on camera being aggressive with me. Defendants Lt. Martin and Lt. Gardner arrived - After -

Defendant Willbanks and C.O. Bain, tried to force me to handcuff, I told them I have a right to waive being placed on the Segregation Housing Unit (SHU) when I haven't told anyone that my life is in danger.

Defendant Willbanks, let my cellmate Sigmund James #551494 into the cell, and before C.O. Willbanks could close the door inmate S. James #551494 tried to attack me and C.O. Willbanks had to restrain him (James #551494) physically and remove him from the cell. SEE: Camera Footage!

When Defendants Lt. Martin and Lt. Gardner arrived, I was told that someone had called the facility (multiple callers) saying that my life was in danger, when I pointed out that the only people that can endanger my life is my cellmate and Correctional Officer, and my cell mate just tried to attack me, I requested both Lieutenants talk to C.O. Willbanks and C.O. Bain, they both did and told me they were specifically told to place me on SHU. I packed all my legal documents which was in manila folders/ envelopes - Because I have three (3) pending civil cases listed herein - I packed all my hygiene and food items.

As I was being escorted to SHU I let both Lt. Martin and Lt. Gardner know Sigmund James #551494 had someone call and say my life is in danger because he's upset that I did not plead guilty to the drugs and cell phones found in the yent on 1-30-20, and he tried to attack me because I have his cell phone in my legal property.

I was placed in NW-2-L on H-Unit, OSP Underground Unit Also known as (A-K-A The Dungeon); where I was given a false misconduct for breaking light fixtures that were already broken in pieces on the floor and I showed it to both Lieutenants named above, on 2-11-20.

(21)

they both MAINTAINED A code of silence when I called them as a witness to testify that there were no lights and I showed them that the fixtures were already broken, Lt. Martin and Lt. Gardner would not tell the truth, and Sgt. Hayes and C.O. Benefit and C.O. Wise knows that this cell has not had working lights (NW-24).

On Feb. 12 and 13, 2020, I wrote to both Christi Quick, Chief of Security, asking if I could talk to her about Sigmund James #551494 being in a drug ring with Kyle Faught-Moore, address 301 S Ave., McAlester Okla. 74501, daughter's name Zoey and son Austin, and Samatha "Sammy" Anderson (Nurse). That the drugs found in the vent of C-2-18 on 1-30-20 with the cell phones belong to S. James #551494, they were all (S. James, Kyle Faught-Moore and Samatha Anderson) upset with me because I would not take the misconduct charge for the cell phone and drugs.

I wrote Johnny Blevins, Director of Internal Affair (ODOC), and noone never came to speak with me; when Lt. Gardner gave me a misconduct and I requested that Lt. Dixon Investigator let me speak with Ms. Quick, C.O.S. I never spoke with her, I was scheduled for the hearing for the cell phone found in my legal paper on 2-19-20 before 5:00pm. I was never given a hearing until March 12, 2020.

In my letter to Johnny Blevins, Director Internal Affairs on Feb. 13, 2020 or thereabout, I asked to speak with him or one of his agents and I was never seen.

My Eighth Amendment was violated when I was placed in harms way when after C.O. Willbanks, C.O. Bain and the C.O. Unidentified allowed S. James #551494 back into the cell after saying someone had called and said my life

(22)

was in danger, this act showed a reckless disregard for my health and safety, and I was cruelly punished by being placed on SHU but not Sigmund James #551494 that tried to attack me on camera.

I wrote to the Warden, Tommy Sharp, Mr. Rankins, Deputy Warden in Feb. 2020, Request To Staffs asking why I was placed on SHU, the Warden, Tommy Sharp NEVER responded, Mr. Rankins, Deputy Warden, responded in RTS (20-945) on 2-26-20 stating, "It was reported that you were getting aggressive with your cellmate". In another request (RTS) (20-1108) I asked Mr. Rankins whether he had view camera footage; Mr. Rankins responded, "I cannot review footage of camera because we do not have cameras in that cell."

On March 12, 2020, after two letters to Kari Hawkins, Assistant Attorney General had been opened and returned to me; and I had brought this matter to her attention because in Davis v. CoreCivic, Inc., et al. CIV-18-396-RAW-SPS, I received a Minute Order on Feb. 13, 2020; Kari Hawkins receive hers on 2-10-20, electrically; I was placed on SHU where all of my legal documents and books were taken on Feb. 11, 2020. So, on March 12, 2020, I had wrote Johnny Blevins, Director ODOC Internal Affairs telling him how Sigmund James #551494 had NEVER come to SHU; how Kyle Faught-Moore and Samatha "Sammy" Anderson, were given an opportunity to resign before his office I.A. could start their investigation, and how since I told Johnny Blevins about OSP drug rings I've been retaliated against and harassed.

Mr. Rankins, Deputy Warden on March 12, 2020 told me that Mr. Blevins told him to open his letter and read it and handle it however he sees fit, that they both remember me from Davis Correctional Facility (DCF) (Mr. Rankins was Deputy

(23)

Warden at DCF — in Davis v. CoreCivic, Inc., et al., CIV-18-396-RAW-SPS; And said I've always been a "trouble maker". Mr. Rankins, Deputy Warden told me that his gathering of the following high ranking prisoner officials was the response to my letter to Johnny Blevins — present in Unit Manager - H Unit Office were, Christi Quick, Chief of Security; Captain Quick; Mr. Shipley, C-Unit, Unit Manager (1/A); Ms. Margaret Green, H-Unit, Unit Manager, Ms. Amber Robinson, H-Unit-Case Manager; Ms. Bowling, C-Unit, Case Manager; Dr. Smash, Mental Health; Mr. Hancock, Position Unknown; Escorting officers C.O. Higgon and a Unidentified C.O., each of these defendants are maintaining a code of silence, and they are in violation of DDOC-Policy OP-110215 entitled "Rules Concerning the Individual Conduct of Employees, As is every other Defendant named in this Complaint.

This Policy OP-110215, at (I).(A)(2)(3)(8) states:

"(2.) Engage in conduct which affords respect courtesy, And preserves the dignity of others;
(3.) Refrain from conduct which is corrupt, illegal, serves to denigrate, demean, or disrespect the welfare of others
(8) Promptly and truthfully report any improper actions which violate agency policies and procedures, endanger others, or undermine the principles contained herein;"

Mr. Rankins, Deputy Warden, had to have Ms. Evens Mailroom Supervisor be on the look out for any of my outgoing mail in order to intercept Johnny Blevins mail & And personal letters

(24)

to my family has not been mailed out.

In this instance, my First Amendment has been violated because I have a right to correspond confidently with Johnny Blevins, ODOC Internal Affairs { and with Kari Hawkins AAG} when Mr. Rankins was allowed as he alleged in front of everyone above in the H-Unit Unit Managers office on March 12, 2020.

Defendant Johnny Blevins conspired with Mr. Rankins and everyone present because I had been punitively punished up until that date (March 12, 2020) by being force to remain on SHU for no reason, without any sanctioned disciplinary segregation days to serve.

I had wrote RTS to Mr. Shipley, C-Unit, Unit Manager asking about the misconduct for cell phone (Feb. 11, 2020), which the hearing had been scheduled for Feb. 19, 2020, and "Lo and behold", Mr. Shipley is also present to conduct the hearing all in retaliation...conspiring with Mr. Rankins.

On 2-11-20, and the entire time that I was on SHU, I was being held against my will and as punitive punishment because I had told Johnny Blevins about OSP drug ring being allowed by high ranking OSP prison officials, whom get Nurses and Correctional Officers to find "trust worthy" inmates to deal their drugs; each staff that bring drugs the inmate (Sigmund James #551494) would pay $2000.00 every drop up front { if the staff drop drug and cell phones two (2) time a week that's $4,000.00}.

My placement on SHU was in retaliation for my letter to Johnny Blevins, and was compounded when Ms. Sherry Day law Library Officer got my Minute Order 2-17-20 when I let her know that I had a deadline, she read it and saw Lisa Willams and Mr. Price {former Chief of Security} names

(25)

And she started to personally harass me, reading my legal documents when I need copies and sharing them with other staff, give staff "head's up" about my request to staffs, and even gave me a false misconduct on 3-16-20, when she demanded I not talk while in the Law Library — which is a cage in the pod — NW-2-Pod, and everyone else is loud and talking, when I asked her to tell everyone else to stop talking she said they are not using my computer.

The Defendants, Tommy Sharp, Warden; Mr. Rankins, Deputy Warden, Christi Quick; Capt. Quick; Johnny Blevins, Mr. Shipley, Mr. Green, Lt. Dickerson, Lt. Dixon, Capt. League, all are maintaining a code of silence about high ranking OSP staff misconduct, have placed my life in danger due to mold in cells and showers, lead in water; Allowing subordinate staff to bring in drugs as long as they get "their cut"; not conducting investigations concerning OSP staff falsifying and fabricating reports.

On March 18, 2020, I see and talk with Mr. Sharp, Warden at NW-2-L, and mentioned the incident on 2-11-20, and he said he had seen the viedo recording and saw C.O. Willbanks had to physically restrain Sigmund James #551494 on 2-11-20, when I asked him, well why am I on SHU when I cooperated and gave up the information of the drug ring that Sigmund James #551494 was involved in with two (2) OSP staff.
Tommy Sharp, Warden, stated he did not know why I was on SHU, that was my (36) day.
I am hereby alleging that, Tommy Sharp, is untrained and

(26)

inexperienced and nothing more then a "figure head", I would like the full disclosure of his work history for ODOC, along with any Progressive Disciplinary Report for All of the Defendants in this case, disclosed with the Special Report.

My life was placed in danger, when Sigmund James #551494 was allow to remain on C-2-18 After on camera he is seen trying to attack me, he was able to know about my telling Christi Quick, C.O.S. And Johnny Blevins, Director I.A., about the drug ring he was involved in with Samatha "Sammy" Anderson and Kyle Faught-Moore, because I have no doubt that Mr. Rankins told them I reported them, because Mr. Rankins gathered all of the above name OSP high ranking staff on March 12, 2020, in a show of force and to intimidate me, when he told me "We are transferring you, your not safe here".

I am in fear for my life because high ranking OSP staff want to see harm done to me, And are intentionally interfering with my medical treatment, where it has been determined that my back and neck condition are serious medical needs, yet I am made to suffer, by Correctional Officers using excessive force when they place handcuffs on extra tight, belly chain, and leg irons (shackles), for the condition of my back I am in imminent danger of serious physical injury because I am deteriorating and being denied adequate medical care by a qualified physical, for no justifible reason(s).

The Defendants named herein are in violation of my Constitutional Rights (8th Amend) and maintaining a code of silence because even ODOC Internal Affairs are corrupt and allow OSP staff to violate ODOC Policy and are in violation

(27)

of ODOC Policy OP-110215 (II).(F)(1)&(3), states;

(F.) Investigations
Employees will cooperate with any agency.
Investigation.

(1.) Employees who fail to cooperate, interfere with or impede an investigation, or make a materially false statement to an investigator will be subject to discharge.

(3.) In addition, any person who knowingly make or utters a materially false statement, either verbally or in writing, will, upon conviction, be guilty of a misdemeanor.

Well, this is a proverbial case of who's going to investigate the corrupt investigator? When Johnny Blevins agents investigates caucasian like this: By calling talking to Mr. Rankins or Ms. Quick & Ms. Christi Quick is nothing more than a "figure head she's going to do what Mr. Rankins tell her - nothing more nothing less"; And they give the caucasian staff a "head's up" by saying who reported them, the inmates name, and let them know they are being watch by I.A., so any illegal activities they were engaged in they stop until the investigation is over, they know when it's over as well.

I'm just not making this up; Kyte Faught-Moore whom just started working here OSP Sept.-Nov. 2019, told me and Sigmund James #551494, Samatha "Sammy" Anderson said she had gone through one and I.A. can be beat, And also Martika Watts (Ex-Nurse) worked

(28)

with Sigmund James #551494 in a drug ring with "Samatha "Sammy" Anderson before Kyte Faught-Moore.

I am alleging that Ms. Moore and Ms. Anderson, pitted Sigmund James #551494 against me for NOT accepting the misconduct on 1-30-20, I had done S. James's #551494 commutation and they were not wanting him to get into trouble so he would get out.

Plaintiff wants to point out that the information about how ODOC Internal Affairs conduct there investigation at OSP was told to me by Kyte Faught-Moore; Samatha "Sammy" Anderson and Martika Watts - Ms. Watts is mix-race half black half white, she was a Nurse, and she had to resign as well, just as Ms. Moore and Ms. Anderson had to do.

In Jan. 2020 both Ms. Moore and Ms. Anderson were viedo chatting with Sigmund James #551494 on IMO, you can send text messages as you viedo chat, let the other person(s) read it and erase it, both told us that Medical IHCC was "shacken down" - searched for drugs, and Alot of drugs and cell phones were found.

On 1-30-20, Sgt. Rouse and Sgt. Mooney, came and shook down - C-2-18 search the cell for drugs and cell phones, called maintainance to go into the vent, where they found drugs and cell phones all belonged to Sigmund James #551494, and on 2-11-18 I told Christi Quick, Chief of Security and Johnny Blevins, ODOC Internal Affairs that if they went into the Alcatel "dale26" was the code James #551494 mother nick name is dale, go to photos and they would find pictures of Kyte Faught-Moore masturbating, her children Zoey and Austin, his children and the drugs and cell phones found in Medical; some of them, James was NEVER charged.

To point out how corrupt OSP staff is Lt. Dixon, Disciplinary

(29)

Investigator Allowed JASON KENNELL whom Sigmund James #551494 paid to take the case, while coming to the cell saying theres no way C-2-5 JASON KENNELL can put Anything in your vent...Cause C-2-5 is under C-2-19, C-2-4 is under C-2-18, the vent where the drugs and cell phones were found.

Defendant(s) Lt Dixon Fabricated his investigation for Sigmund James #551494 so that James could keep his Orderly job And Commutation & or clear conduct}.

Defendant Tommy Sharp, Warden is a mere figure head And don't have a clue about whats going on, however he is in a Sworn position, And his Action Are under color of state law.

Defendant Mr. Rankins, Deputy Warden, I suspect And Am Alleging he has a long history of fabricating ODOC reports And interferring with ODOC investigation And/or impeding them.

The Defendants named herein told other staff members, Correctional Officers what I had done And I was harassed by being denied medical treatment by Regina Van Blaircom, Dr. Marla; Ms. Alisa Shunway whom tried to get me to take Nitro Gelcerin when I did not need to (blood pressure on March 5, 2020 was 138/80), Ms. Shunway refused to take me to Medical for observation, told Nurse Amanda Warran "Sammy" And she was letting Nurse Warran know I was the one that told on Samatha Anderson (Nurse).

The Defendants spreading my involvement in an investigation that led to both Samatha "Sammy" Anderson And Kyle Faught Moore having to resign put my life in danger with not just other inmate that have been told { I've have inmate call me a rat saying it was staff that told them }. Nurse Amanda Warran is maintaining a code of silence when she was present when I was given a false misconduct by Nurse Shunway - who refuse me to be observed in IHCC OSP Medical.

(30)

To support my allegation, D.W. Rankins, told me on March 12, 2020, that "We are transferring you, your not safe here"; the only way I would not be safe at a Maximum Security Prison would be because OSP high ranking prison officials don't want me to be safe, and I'm alleging my life is in danger due to how the investigation was conducted.

On 2-11-20, Christi Quick, Chief of Security, told Lt. Martin and Lt. Gardner to place me on SHU, where I cannot have my legal property (documents and books).

However, to not place Sigmund James #551494 on SHU after camera footage, C.O. Willbanks, and C.O. Bain, and a unidentified C.O., saw that Sigmund James #551494 tried to attack me; for James #551494 to be let back in the cell after I was told someone had called multiple times and said my life was in danger, showed a reckless disregard for my health and safety.

Mr. Rankins, Deputy Warden, uttered a materially false statement in RTS 20-945 and 20-1108 - there's not evidence that it was reported to him that I was getting aggressive with my cellmate because the man just had walked in the door and tried to get aggressive with me before C.O. Willbanks could close the door (20-945) see: Camera Footage.

Mr. Rankins, Deputy Warden, had seen camera footage with Tommy Sharp and Christi Quick and Capt. Quick, so why was he covering for Sigmund James #551494 {was James #551494 a hand pick drug dealer for Mr. Rankins?} when he said in (RTS-20-1108) - "I cannot review footage of camera because we do not have cameras in that cell."

This was in response to why I was place on SHU and requesting he view camera to see I had done nothing, D.W. Rankin retaliated with a false misconduct on 3-9-20, I was found guilty by Lt. Dixon.

(31)

I stand 6'5", 240 lbs, had I been attacking Sigmund James #551494; First I would surely have waited until the Correctional Officers left; secondly, had I attacked J. James #551494 while the Correctional Officers present, that would have meant they were in for a touch up as well; third, I would not have merely stopped when C.O. Willbanks physically restrained J. James #551494, nor stopped at the door.

I have requested that Johnny Blevins; Tommy Sharp; Mr. W. Rankins; Christi Quick, not destroy the Camera footage and have made this request to Kari Hawkins whom is representing certain Defendants {Lisa Williams, Mr. Price, Buddy Honaker C.M.O. - ODOC} in Davis v. CoreCivic, Inc., et al., CIV-18-396-RAW-SPS.

## CLAIM THREE (3)
### THE NAMED DEFENDANT VIOLATED MY FOURTEENTH AMENDMENT

On March 12, 2020, I was taken to H-Unit, Unit Managers Office, and Ms. Shipley conducted a out-of-time disciplinary hearing, which was in retaliation for the RTS that I had sent to Tommy Sharp, Warden; Mr. Rankins and Christi Quick, Chief of Security request to know why I was still on SHU when I have no sanctioned disciplinary days, and even inmates that get caught bringing drugs in through the visiting room don't get sanctioned to disciplinary segregation days and if they do, the days are suspended. Plaintiff is challenging the constitutionality of how ODOC has manipulated the Fourteenth Amendment; by not allowing

AN appeal process to the Administrative Review Authority (ARA) unless restitution has been sanctioned, which Allows ODOC/OSP Prison Officials at the Facility level to have total Control over the disciplinary process without Any oversight from ODOC Administrative Review Authority (ARA).

Mr. Shipley was present with several other high-ranking OSP officials mentioned above; Mr. Shipley brought two (2) Misconducts both of which the time for the hearing having been exhausted.

The Misconduct issued to myself and Sigmund James #551494 on Jan. 30, 2020, for Possession of Cell Phones Class X-20, was immediately dismissed, there was Alot of drugs found in the vent as well, and As I have stated herein Kyle Faught-Moore And Samatha "Sammy" Anderson was in a drug ring with Sigmund James #551494. However, this Misconduct was dismissed " Charge dismissed due to time frame being exhausted." on March 12, 2020.

The Misconduct against me, for the cell phone I took from Sigmund James #551494 and had in my legal property on 2-11-20 and I did tell Lt. Martin and Lt. Gardner that it was in my legal papers. The hearing date was set by Lt. Dixon for Feb. 19, 2020; Mr. Shipley did not conduct the hearing until I had made several complaints about why was I still on SHU when I had done nothing to be placed on SHU initially, And in retaliation - on March 12, 2020, In retaliation, Mr. Shipley found me guilty of the out-of-time misconduct, Mr. Rankins affirms the Misconduct on March 17, 2020, I appeal March 18, 2020.

The actions of Mr. Shipley and Mr. Rankins is a concerted

(33)

Effort by these two (2) high Ranking OSP Employees to conspire And fabricate A false misconduct hearing in order to retaliate As A reprisal [violation of OP-090124 (III).(D).(I)] And in An attempt to cover their violation(s) of my Constitutional Rights to "due process" before deprivation of my rights In Accordance with "Inmate/Offender Disciplinary Process" Policy OP-060125 (I).(C).(I).(7) states ; Time Frames

(1.) "The time Frames provided for in this section will be followed by staff. Failure to comply with the time Frames indicated below will result in the dismissal of the Disciplinary of Corrections Offense Report" (DOC 060125A). Extensions of time may be permitted in accordance with the procedure below

(7.) "The disciplinary hearing will occur within seven (7) days from the date the disciplinary hearing officer receives the "Offense Report" from the disciplinary coordinator."

Plaintiff Asserts that just as Mr. Shipley dismiss the misconduct with Sigmund James #551494 involved, due to "time frame being Exhausted" the same rule Applied with this misconduct. However, uses this Act of Mr. Shipley to show that Mr. Rankins was Adversarial toward me and just because he worked at the Davis Correctional facility (DCF) And knew About how I was Attacked and set up as I Alleged in Davis v. CoreCivic Inc., et al., CIV-18-396-RAW-SPS (ED.Okla), Mr. Rankins classifies me As A "trouble maker" because I exercise my Constitutional

(34)

Rights.

The actions of Mr. Rankins conspiring with Mr. Shipley to find me guilty is a gross violation of my Constitutional Rights to "due process" in violation of the Fourteenth Amendment.

Defendants Tommy Sharp; Mr. Rankins; Mr. Shipley; Ms. M. Green; Ms. Christi Quick; Johnny Blevins; — All knew that they were in violation of my Constitutional Rights or should have known, and in violation of ODOC Policy OP-110215 Entitled, "Rules Concerning the Individual Conduct of Employees," at (1), (2), (3) # (8); (II), (A), (1)(a), (6); (II), (F), (1) & (3).

These Defendants maintained a code of silence concerning staff misconduct and engaged in a civil conspiracy in order to retaliate, and punish me to intimidate me from exercising my constitutional rights.

The evidence of the favorable treatment showed to Sigmund, James #551494 supports Plaintiff assertions and allegation that ODOC high ranking prison officials want to see harm done to me and has set me up, fabricated reports against me, pitted other staff members against me, and has told inmates that I is a rat, placing my life in danger.

A.) <u>PLAINTIFF HAS A CONSTITUTIONAL RIGHT TO EQUAL PROTECTION UNDER THE LAW</u>

Plaintiff has a right to be protected against harassment and retaliation from corrupt prison officials whom are upset with Plaintiff due to the pending cases in this court.

Mr. Rankins, Deputy Warden; Tommy Sharp, Scott Crow, Director of ODOC; Johnny Blevins, ODOC Director Internal Affairs all are acting in concert to allow Mr. Rankins to retaliate

(35)

and pit OSP employees and ~~any other~~ ODOC employees that he contact to tell them I'm a "trouble maker", and other inmate are being told that I'm a rat.

I am entitled to the "Equal Protection Under ~~the Law~~" just as similar situated prisoner are, I have repeated requested to be place on "Protective Custody" (P.C.) yet ODOC refuses to place me on P.C., I am in imminent danger of serious physical injury—and harm due to OSP and ODOC staff/employees going around calling me a rat, and coming to my cell door saying I'm telling on staff were other inmate can hear them.

Under the Fourteenth Amendment I am entitled to Equal Protection as a class of one.

Plaintiff has the following civil cases pending two (2) in this court.

Davis v. GEO Grp, Corr Inc., CIV-16-462-HE (W.D.Okla)
Davis v. CoreCivic, Inc., et al., CIV-17-293-RAW-SPS (E.D.Okla)
Davis v. CoreCivic, Inc., et al., CIV-18-396-RAW-SPS (E.D.Okla)

In these case(s), I have specific evidence that supports that ODOC has allowed private-for-profit-prisons to violate their Contractual Agreement with the State through a "Secret Memorandum", and I believe that in retaliation I have been poisoned, I am losing body mass and weight very fast since I was given a fake pneumonia shot and fake mold test, now OSP Medical refuses to see me or Dr. Marla refuses to test my blood for diseases.

I believe that because I had Labs done in Dec. 2019 and was given a clean bill of health, but I was not given the fake pneumonia shot or fake mold test until later in Dec.

(36)

2019.

The Medical personnel at OSP, are all upset with me and adversarial toward me because they know about my report against Samatha "Sammy" Anderson:
Ms. Amanda Warran, Ms. Alisa Shunway, Regina Van Blaircom, Ms. Shelly {Nurse - First Name} and Dr. Marla, I am being denied adequate medical treatment by a qualified physician in violation of the Eighth Amendment, and, I'm being denied this as Equal Protection Under the Law, due to my exercising my constitutional rights as a class of one, I have been classified a "Jailhouse Lawyer" or a "Writ Writer" and Prison officials are punishing me outside of the Policy mandate, in retaliation, and to intimidate me from exercising my constitutional Rights.
I am in Fear For my life and I am entitled to Equal Protection Under the Law.

(37)

## VI.    RELIEF REQUESTED

*Briefly state what you want the Court to do for you. Do not make legal arguments or cite cases or statutes.*

1.) DECLARATORY JUDGMENT;

2.) DEMAND JURY TRIAL;

3.) $100,000.00 IN ATTORNEY FEES;

4.) $1,000.00 A DAY FOR BEING placed ON SEGREGATION UNIT — PUNITIVE DAMAGES

5.) $200,000.00 FROM EACH AND EVERY DEFENDANT IN their individual CAPACITY, COMPENSATOR DAMAGES

6.) INJUNCTION Relief in Official Capacity.

7.) $100,000.00 FROM EACH AND EVERY DEFENDANT IN their individual CAPACITY FOR PUNITIVE DAMAGES.

## VII.    PRISONER'S LITIGATION HISTORY

The *"Three Strikes Rule"* bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if the prisoner has *"on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

Have you brought any other lawsuits in federal court while a prisoner?    ☑ Yes    ☐ No

    If yes, how many?   I don't have all of them.

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)
- Did the court assess a "Strike" or find the dismissal a "Prior Occasion" pursuant to 28 U.S.C.1915 (g).

Due to ODOC Property Policy, I don't have the number of complete lawsuits that I have filed. I do have "Three Strike" - 28 U.S.C. 1915(g) But due to my NECK and back condition being consider as meeting "my being in imminent danger of serious physical injury"

Rev. 07/2019

(38)

7

Cont: <u>Prisoner's Litigation History</u>

Plaintiff is in imminent danger of serious physical injury, pursuant to 28 U.S.C. 1915(g). I do have "Three Strikes" against me however In the three (3) cases that I have pending I have been grant In Forma Pauperis, because I suffer from a spinal condition that causing me pain day and night, and ODOC/OSP Prison are retaliating against me for these law suits. I cannot defend myself in any physical attack, yet ODOC/OSP prison officials are "setting me up" to be attacked and allow inmates to get away with their attacks on me.

I do not have any of my legal documents and cannot accurately provide the name of any defendants in the three (3) pending case cases, or provide any of the cases that I have filed, over my 30 years in prison(s).

1.) <u>Davis v. GEO Grp. Corr. Inc., et al.,</u> CIV-16-462-HE (W.D.Okla May 2016 initially – Amended Feb. 2017) – Denied of Adequate care by qualified physician, retaliation, excessive force.

2.) <u>Davis v. CoreCivic, Inc. et al.,</u> CIV-17-293-RAW-SPS (E.D.Okla July 2017, Amended March 2019) – Denied medical care, retaliation.

3.) <u>Davis v. CoreCivic, Inc. et al.,</u> CIV-17-396-RAW-SPS (E.D.Okla Dec. 2018, Amended March 2019) – Denied medical care, and excessive force by OSP Prison Officials, and Denial of Continuity of care by OSP Medical Doctor,

Each of these cases are pending and I was granted Ifp with Three Strikes.

(39)

_____

_____

_____

_____

_____

_____

## VIII. PLAINTIFF'S DECLARATIONS:

I declare under penalty of perjury that the foregoing is true and correct. To the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

I agree to provide the Court Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Court Clerk's Office may result in the dismissal of my case.

_____        _____
*Plaintiff's Signature*                                    *Date*

I further declare under penalty of perjury that I placed this complaint in the prison's legal mail system, with the correct postage attached, on the _____ day of _____, 20___.

_____        _____
*Plaintiff's Signature*                                    *Date*

Rev. 07/2019                                    (40)                                    8