IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **EZEKIEL DAVIS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV 20-090-RAW-SPS |
| | ) | |
| **SCOTT CROW, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On September 2, 2020, the Court denied Plaintiff's motion for leave to proceed *in forma pauperis*, because he had accumulated at least three prior civil rights actions that count as "prior occasions" or "strikes," pursuant to 28 U.S.C. § 1915(g), and he had not shown he was in imminent danger of serious physical injury (Dkt. 9). Plaintiff subsequently filed a motion to reconsider the decision, alleging among other things, that one of the "strikes" cited by the Court was improperly included (Dkt. 10).

Plaintiff specifically challenges the inclusion of *Davis v. Ward*, No. 05-CV-558-HE (W.D. Okla. May 11, 2006). He contends this dismissal should not have been classified as a strike because it was dismissed for failure to exhaust administrative remedies, which at the time constituted a failure to state a claim. Plaintiff argues that because the dismissal in *Davis v. Ward* would not currently be counted as a strike, its inclusion was erroneous.

In the recent case of *Davis v. Core Civic*, No. 20-7069, slip op. at 1 (10th Cir. Dec. 1, 2020) (unpublished), the Tenth Circuit Court of Appeals included *Davis v. Ward* as one of Plaintiff's civil actions under 28 U.S.C. § 1915(g) for purposes of determining whether

Plaintiff could be granted *in forma pauperis status*. The Tenth Circuit expressly noted that *Davis v. Ward* was dismissed for "failure to exhaust administrative remedies, which at the time constituted failure to state a claim." *Id.* at 2. Because the Tenth Circuit considered *Davis v. Ward* as a "strike," Plaintiff's argument regarding the inclusion of this case fails.

Plaintiff also reiterates his claim that he has a medical condition that constitutes a serious medical need placing him in imminent danger of suffering serious physical injury pursuant to 28 U.S.C. § 1915(g) (Dkt. 10 at 2). In its Opinion and Order denying leave to proceed *in forma pauperis*, this Court noted that Plaintiff has repeatedly raised this same medical claim in a prior lawsuit. (Dkt. 9 at 3). The Court concluded that "Plaintiff's medical problem is an ongoing condition that does not place him 'under imminent danger of serious physical injury' under 28 U.S.C. § 1915(g)." *Id*. The Court finds Plaintiff's argument that he is "under imminent danger of suffering serious physical injury" because he has been denied medical care by a qualified physician is unpersuasive.

Plaintiff next claims he is in danger of imminent danger of serious physical injury from potential attacks by gang members. (Dkt. 10 at 2-3). He claims that in September 2018 he was stabbed and called a snitch. *Id*. at 2. Although he asserts he has two other cases wherein he was attacked by his cellmates, *id*. at 2-3, he has presented no evidence that he presently is in imminent danger of another attack.

Finally, Plaintiff contends he is being exposed to black mold and lead in the water, and a nurse told him his blood was tested for black mold. *Id*. at 3. He subsequently learned that a blood test is not used to determine exposure to black mold. *Id*. at 3-4. The Court finds

these vague and conclusory claims are insufficient to constitute imminent danger of serious physical injury under 28 U.S.C. § 1915(g).

**ACCORDINGLY,** Plaintiff's motion for to reconsider the denial of his motion for leave to proceed *in forma pauperis* (Dkt. 10) is DENIED, and all remaining pending motions also are DENIED. Plaintiff is directed to forward **$400.00** for the filing and administrative fees to the Court Clerk within twenty (20) days. The agency having custody of Plaintiff is ordered to release funds from Plaintiff's accounts, including Plaintiff's trust account, for payment of the fees. Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 25th day of January, 2021.

Ronald A. White
United States District Judge
Eastern District of Oklahoma